IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN T. JONES, | : | CIVIL NO. 1:CV-13-0311 |
|     Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOHN E. WETZEL, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

I.     Background

The above-captioned civil rights action pursuant to 42 U.S.C. § 1983 was filed by Shawn T. Jones ("Jones") on February 7, 2013. At the time, Jones was an inmate confined at the State Correctional Institution at Frackville ("SCI-Frackville"), Pennsylvania.[1] Defendants include numerous employees at both SCI-Frackville and with the Pennsylvania Board of Probation and Parole ("PBPP"). In the complaint, Plaintiff raises challenges with respect to treatment programs he is required to complete prior to pre-release and, in particular, a "Therapeutic Community" program that is religiously/spiritually based as opposed to secular, and which is in conflict with Jones' sincerely held beliefs. (Doc. No. 1, Compl., ¶ 1.) He further raises claims of retaliation following his challenges to the program, including the denial of a recommendation on parole due to his "unacceptable compliance with institutional program." (Doc. No. 1, ¶ 14.) On May 20, 2013, service of the complaint was directed on the Defendants. Presently pending before the Court is Plaintiff's motion for the appointment of counsel (Doc. No. 6). For the

---

[1] On March 6, 2013, Plaintiff notified the Court that he was being transferred to a treatment facility in Philadelphia as per the Pennsylvania Board of Probation and Parole and provided his new address. (Doc. No. 9.) The address was thereafter reflected on the docket. Since that time, no new address change has been provided to the Court.

reasons that follow, the motion will be denied without prejudice.

**II.     Discussion**

In moving for the appointment of counsel Jones argues that: (1) he is unable to afford counsel; (2) he is unable to litigate this matter due to his inability to comprehend and articulate effectively; (3) the issues involved in this action are complex and will require significant research but he only has limited access to the law library; and (4) a trial is likely in this case and will involve conflicting testimony that a trained lawyer is more capable of handling.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Barham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that Jones' case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

2

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. In reviewing the complaint, Jones is clearly literate and able to litigate this action on his own. He submits a 43 page complaint, including exhibits, that is detailed and sets forth the claims he seeks to pursue. He also has drafted and filed the instant motion requesting the appointment of counsel. Any concerns about preparation for trial are premature at this time. Further, while at the time he filed this motion he claimed his time in the law library was limited, it was clear he did have some access to the library. Moreover, since filing the motion for counsel, Jones is no longer confined at SCI-Frackville and is at a treatment facility in Philadelphia. It cannot be said, at least at this point, that he will suffer substantial prejudice if he is required to proceed with the prosecution of this matter on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with the apparent ability of Jones to litigate this action, weigh against the appointment of counsel. His pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a

properly filed motion.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN T. JONES, | : | CIVIL NO. 1:CV-13-0311 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOHN E. WETZEL, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 13th day of June, 2013, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for the appointment of counsel (Doc. No. 6) is **denied without prejudice**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania